IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RONNIE ALLEN BELLAMY JR.,

        Plaintiff,

vs.                               Case No. 20-3229-SAC

WARDEN SAM CLINE, et al.,

        Defendants.


**O R D E R**

    Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to his incarceration at the El Dorado Correctional Facility (EDCF) and the Lansing Correctional Facility (LCF). Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

    Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

standards than formal pleadings drafted by lawyers." <u>Erickson v.</u>
<u>Pardus</u>, 551 U.S. 89, 94 (2007).  But, a <u>pro se</u> litigant is not
relieved from following the same rules of procedure as any other
litigant. See <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992).
Conclusory allegations without supporting facts "are insufficient
to state a claim upon which relief can be based." <u>Hall v. Bellmon</u>,
935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply
additional  factual  allegations  to  round  out  a  plaintiff's
complaint or construct a legal theory on plaintiff's behalf."
<u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state
a claim upon which relief may be granted," the court must determine
whether  the  complaint  contains  "sufficient  factual  matter,
accepted as true, to 'state a claim for relief that is plausible
on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting
<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The court
accepts the plaintiff's well-pled factual allegations as true and
views them in the light most favorable to the plaintiff.  <u>United</u>
<u>States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court
may also consider the exhibits attached to the complaint.  <u>Id.</u>
The court, however, is not required to accept legal conclusions
alleged in the complaint as true. <u>Iqbal</u>, 556 U.S. at 678. "Thus,
mere 'labels and conclusions' and 'a formulaic recitation of the
elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)

(quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant
caused a violation of plaintiff's constitutional rights.  Walker
v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls
v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were
> violated or that defendants, as a collective and
> undifferentiated whole, were responsible for those
> violations.  They must identify specific actions taken
> by particular defendants, or specific policies over
> which particular defendants possessed supervisory
> responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of
Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must
make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff alleges that while he was sleeping he was attacked
and stabbed by an inmate named Kidd in plaintiff's cell at EDCF on
September 3, 2019.  In Count One plaintiff alleges that defendants
Dylan Darter, Alex McCollough, Dustin Randolph and John Cannon,
who are prison officers, had knowledge that "an offender planned
to attack and try to kill the plaintiff" from a kite that said
that Kidd was going to stab and kill plaintiff to gain his "AB"
patch.  Plaintiff further alleges, in Count Two, that defendants
Dylan Darter and Alex McCollough and other unnamed defendants

("Does #4-8"), witnessed the attack and made no attempt to stop the offender allowing plaintiff to be stabbed.

In Count Three, plaintiff alleges that unnamed defendants ("Does 9-11") failed to ensure adequate medical care for plaintiff. Count Four alleges that plaintiff was transferred from EDCF to LCF, but that he was not appropriately housed with similarly situated offenders and failed to receive proper mental health treatment. Plaintiff states that Count Four applies to defendants Warden Sam Cline, a classification administrator Maria Bos, and Dustin Randolph.

Finally, in Count Five, plaintiff asserts that defendants Warden Ron Baker, Deputy Warden Collette Winklehaven, Deputy Warden Rainey, Major Bailey, Investigators Ball and Gift, and "Does #1-4" were "complicit in the murder of plaintiff's family and the psychological torment of plaintiff while at LCF."

III. Screening

A. Counts One and Two

Plaintiff does not allege facts describing when identified defendants obtained a kite warning of an attack against plaintiff, exactly what the kite said, how the kite was obtained, who wrote the kite, where the kite is now, which defendants saw the kite, and how plaintiff was made aware of the kite. Plaintiff also alleges that defendants witnessed and failed to protect plaintiff from attack, but states that the attack occurred while plaintiff

4

was sleeping.  Doc. No. 1, p. 15.  Plaintiff does not allege that he was stabbed while he was awake, when he could see whether prison officers reacted to but failed to protect him from being stabbed. Plaintiff also does not refer to records describing the nature of his injuries.  He further fails to delineate what each defendant knew and what each defendant did or failed to do to protect plaintiff.

Upon review, for the reasons given above, the court shall direct plaintiff to show cause why Counts One and Two should not be dismissed for failure to state a plausible claim.

### B. Counts Three, Four and Five

Personal participation in a constitutional violation is essential for individual liability under 42 U.S.C. § 1983.  Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  Liability may not be based upon a defendant's supervisory position unless there is some "affirmative link" between the constitutional deprivation and the supervisor's exercise of control or direction or his failure to supervise.  Id.  Nor may the court find personal participation on the grounds that a grievance was improperly considered.  See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009); see also; Allen v. Reynolds, 475 Fed.Appx. 280, 284 (10th Cir. 2012)(notice of dispute given to prison warden does not show his personal participation in unconstitutional conduct).

Plaintiff has not alleged facts which describe a context in which it is plausible to find that any defendant named by plaintiff was complicit in a murder or in psychological torment as asserted in Count Five.  Plaintiff's allegations are simply conclusory and lack sufficient factual support to be regarded as true.   In addition, plaintiff fails to allege facts plausibly connecting defendants Cline, Baker, Bos, Winklehaven, Rainey, Bailey, Ball and Gift to a constitutional violation.

Similarly, Counts Three and Four fail to allege facts describing particular acts by identified persons which amount to deliberate indifference to a serious medical need.  Count Three alleges that "Does 9-11" failed to ensure adequate off-site medical care or adequate follow up care.  Count Four alleges that when plaintiff was transferred to LCF he was not housed with similarly situated inmates and failed to receive proper mental health treatment.  Plaintiff identifies certain defendants as being responsible in Count Four, but he does not describe the actions of these defendants or explain why they are responsible for a failure to provide mental health treatment.

For the above-stated reasons, the court shall direct plaintiff to show cause why Counts Three, Four and Five should not be dismissed and why defendants Cline, Baker, Bos, Winklehaven, Rainey, Bailey, Ball and Gift should not be dismissed.

IV. <u>Motions to appoint counsel</u>

Plaintiff has filed a motion to appoint counsel (Doc. No. 4) and a memorandum in support (Doc. No. 16). At this stage in the case, the court shall deny the motion. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" <u>Steffey v. Orman</u>, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case. But, this is a relatively straightforward case and, at this point in time, the court is not convinced that appointment of counsel is warranted. Considering all of the circumstances, including that the merits of the case are unclear, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

V. Motions for injunctive relief

Plaintiff has filed a motion for preliminary injunction (Doc.
No. 5) and a motion for a preliminary restraining order (Doc. No.
14).  These motions shall be denied.

The motion for a preliminary injunction seeks a mandate that
plaintiff be housed in a single-person cell.  Plaintiff does not
supply adequate grounds, however, for the court to so directly
interfere with the operation of the prison system.  The law is
clear that prison officials must be accorded considerable
deference in establishing policies for the operation of their
correctional institutions in furtherance of legitimate objectives,
such as public safety and inmate rehabilitation.  See Overton v.
Bazzetta, 539 U.S. 126, 132 (2003); Thornburgh v. Abbott, 490 U.S.
401, 407 (1989).  Plaintiff's motion does not make a sufficient
case to overcome the deference accorded to prison officials on
such matters as single-cell policies.

Furthermore, a motion for injunctive relief may not be used
to obtain relief which is unrelated to the conduct described in
the complaint.  See Little v. Jones, 607 F.3d 1245, 1251 (10th
Cir. 2010); Hicks v. Jones, 332 Fed. Appx. 505, 507-08 (10th
Cir.2009); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994)
(per curiam); Beddow v. Federal Bureau of Prisons Captain Jay
Rhodes, 2018 WL 6529263 *2 (D.Kan. 12/12/2018).  Plaintiff does
not seek single-cell housing in his original complaint.  See Doc.

No. 1, p. 12.  Therefore, his request for preliminary injunction is unrelated to the claim in the complaint.

If there was a sufficient connection, however, the court would still deny the motion because plaintiff does not allege grounds demonstrating a likelihood of success on the merits or a substantial risk of imminent and irreparable harm.  These are requirements before the court may direct the extraordinary measure of a preliminary injunction.  See Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003).

The motion for preliminary injunction also asks for an order directing that various types of potential evidence be preserved. Plaintiff, however, does not provide grounds for the court to find that significant evidence will be lost.  Nor has plaintiff stated a plausible claim for relief.

For the above-stated reasons, the motion for preliminary injunction shall be denied.

Plaintiff's motion for a preliminary restraining order asks that the court either require defendant Darter to keep 500 feet away from plaintiff, or require out-of-state housing for plaintiff.  Plaintiff claims he overheard statements from defendant Darter to another officer indicating a possible poisoning of plaintiff.  Again, the court shall find that plaintiff's allegations do not suffice to overcome the discretion given to prison officials to operate their institutions.  The court

further finds that plaintiff has not demonstrated a serious and substantial risk to his health from defendant Darter.

For these reasons, the motion for preliminary restraining order shall be denied.

## VI. Motions to supplement

Plaintiff has filed two motions to supplement the complaint. Doc. Nos. 6 and 15. Because plaintiff will be granted an opportunity to file an amended complaint, the motions to supplement the complaint shall be denied. The motion to supplement at Doc. No. 6 also seeks a Martinez report. The court shall deny that request at this time without prejudice to plaintiff seeking such a report at a later time.

## VII. Conclusion

In conclusion, the court finds that plaintiff has failed to state a claim for relief and the court shall grant plaintiff time until February 10, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Plaintiff's motion to appoint counsel (Doc. No. 4) is denied without prejudice to being renewed at a later time. Plaintiff's motions for preliminary injunction (Doc. No. 5) and preliminary restraining order (Doc. No. 14) are denied. Plaintiff's motions to supplement (Doc. Nos. 6 and 15) are denied,

consistent with this order, because plaintiff shall have the opportunity to submit an amended complaint.

**IT IS SO ORDERED.**

Dated this 13th day of January 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge