IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE ALLEN BELLAMY JR.,

            Plaintiff,

vs.                              Case No. 20-3229-SAC

WARDEN SAM CLINE, et al.,

            Defendants.

**O R D E R**

On January 13, 2021, the court issued a screening order and directed plaintiff to show cause why this case should not be dismissed or file an amended complaint. Doc. No. 17. This case is now before the court for additional screening after plaintiff filed a "response" (Doc. No. 23) and an amended complaint (Doc. No. 24) in reaction to the initial screening order. Plaintiff's five-count amended complaint is virtually the same as the original complaint, but the "response," which the court shall treat as an exhibit to the amended complaint, contains a statement from plaintiff which contains some new allegations. The court applies the same screening standards set out in the first screening order.

Count One

Count One concerns events at the ElDorado Correctional Facility (EDCF) on September 3, 2019. Plaintiff alleges that

1

defendants Dylan Darter, Alex McCollough, Dustin Randolph and John Cannon:

> had knowledge that an offender planned to attack and try to kill the plaintiff when they came into possession of an intercepted 'kite' . . . that articulated that offender Kidd, in order to obtain his "AB" patch, was to stab and kill the plaintiff. Defendants failed to act on the information, knowing offender Kidd was housed in the same cell with the Plaintiff, hence allowing the attack to occur.

Plaintiff's response (Doc. No. 23 at p. 16) further alleges that defendant Randolph had prior knowledge of a possible attack.

The Eighth Amendment requires that prison officials act reasonably to guarantee the safety and well-being of prisoners. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994). To state an Eighth Amendment failure to protect claim, a plaintiff must allege facts which plausibly show that: 1) he faced conditions posing a "substantial risk of serious harm" to his health or safety; and 2) the defendant was "deliberately indifferent" to those risks. See id. at 837. To demonstrate deliberate indifference, a plaintiff must allege facts which plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. Id.

Upon review, the court finds that plaintiff has stated a plausible claim for relief in Count One.[1]

---

[1] "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

2

Count Two

In Count Two plaintiff alleges that defendants Dylan Darter and Alex McCollough "having prior knowledge of an imminent threat, were present outside Plaintiff's cell, witnessed offender Kidd attack Plaintiff with a knife, causing serious injury, and made no attempt to stop the offender, allowing Plaintiff to be stabbed eight (8) times." Plaintiff states in his attached materials that he woke up bleeding profusely and that inmate Kidd was yelling at plaintiff to get out while officers were standing at the door of the cell. Doc. No. 24-1, p. 12. Thus, plaintiff does not allege that he saw officers waiting outside his cell while Kidd attacked him, that he witnessed their actions or non-action during the attack, or that they lingered outside his cell during the attack. Plaintiff does not allege when the officers were aware of the attack, how they reacted once they knew of the attack, and what they may have said or done when they arrived at his cell. Plaintiff does state that "no signal was called" by the officers, but also alleges that there was a request for help over a walkie-talkie. Doc. No. 24-1, p. 11.

The court concludes that plaintiff has not stated a plausible claim for relief in Count Two. Plaintiff does not allege facts plausibly showing that defendants were deliberately indifferent to a substantial risk of harm to plaintiff during and after the attack in his cell.

3

Counts Three, Four and Five

In Count Three, plaintiff alleges that unnamed defendants ("Does 9-11") failed to ensure adequate medical care for plaintiff. Count Four alleges that plaintiff was transferred to EDCF from Lansing Correctional Facility (LCF), but that he was not appropriately housed with similarly situated offenders and failed to receive proper mental health treatment.[2] Plaintiff states that Count Four applies to defendants Warden Sam Cline, Maria Bos (a classification administrator), and Dustin Randolph. In Count Five, plaintiff asserts that defendants Warden Ron Baker, Deputy Warden Collette Winklebauer, Deputy Warden Rainey, Major Bailey, Investigators Ball and Gift, and "Does #1-4" were "complicit in the murder of plaintiff's family and the psychological torment of plaintiff while at LCF."

The court shall dismiss these claims first because plaintiff does not adequately allege the personal participation of specific and identifiable defendants in the alleged constitutional violations. See Walker v. Mohiuddin, 947 F.3d 1244, 1249-50 (10th Cir. 2020)(dismissing Eighth Amendment action against doctor where allegations failed to make clear exactly what he was alleged to have done or what he knew about inmate's condition); see also

---

[2] In the original screening order, the court mistakenly stated that in Count Four plaintiff alleged that he was transferred from EDCF to LCF and was not appropriately housed with similarly situated offenders and did not receive proper mental health treatment. Plaintiff alleges a transfer from LCF to EDCF in the original complaint and the amended complaint.

4

Jackson v. New Mexico Public Defender's Office, 361 Fed.Appx. 958, (10th Cir. 2010)(dismissing conclusory Eighth Amendment claims that name no individuals). Second, plaintiff has failed to alleged facts which demonstrate an Eighth Amendment violation. "A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). "Deliberate indifference involves both an objective and a subjective component. The objective component is met if the deprivation is sufficiently serious. Id. "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Id. Negligent diagnosis or treatment, even what constitutes medical malpractice, is not enough to support a constitutional violation. Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006).

Count Three fails to allege facts describing particular acts or omissions by identifiable persons which amount to deliberate indifference to a serious medical need. In general, materials plaintiff has filed with his amended complaint and "response" indicate that, after he was stabbed on September 3, 2019, he was taken from his cell to receive medical attention at EDCF and then

5

placed in an ambulance where he was driven to Wesley Medical Center in Wichita. There he received treatment and was returned to EDCF. Some days later, a follow up visit was made to Wesley Medical Center. Plaintiff fails to identify or describe actions or omissions by particular persons which demonstrate deliberate indifference to plaintiff's serious medical needs. He indicates that there was a delay in treating him before and after he went to Wesley Medical Center, but he does not describe what specifically should have been done, who should have done it, and how he suffered from the delay or omission of treatment.

In Count Four plaintiff alleges that when he transferred from LCF to EDCF he was not housed with similarly situated offenders and did not receive proper mental health treatment. While plaintiff identifies specific defendants, he does not describe what specific actions they took or failed to take and how these actions or omissions violated the Eighth Amendment's guarantees against "cruel and unusual punishment" and inhumane conditions of confinement. Plaintiff does not describe how each defendant acted to deny plaintiff housing with a "similarly situated offender" or how this failure was taken with an awareness of an excessive risk of harm. He also does not describe how he was denied proper mental health treatment, why the treatment was inadequate, or how the defendants' actions or omissions could plausibly be considered as deliberate indifference to a serious medical need. The

6

knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware. See Farmer, 511 U.S. at 837.

Finally, Count Five and plaintiff's connected materials do not contain well-pleaded non-conclusory factual allegations which plausibly describe how any of the named defendants participated in the murder of plaintiff's family or plaintiff's psychological torment while plaintiff was at LCF. Therefore, this count shall be dismissed.

Conclusion

For the above-stated reasons, the court shall order that Counts Two, Three, Four and Five be dismissed without prejudice. The court directs the Clerk to prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure to be served upon defendants Dylan Darter, Alex McCollough, Dustin Randolph and John Cannon. Plaintiff shall be assessed no costs absent a finding by the court that plaintiff is able to pay such costs. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D.Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D.Kan. 9/2/2009). If waiver

7

of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action.  See Fed.R.Civ.P. 4(m).

**IT IS SO ORDERED.**

Dated this 3rd day of May 2021, at Topeka, Kansas.


s/Sam A. Crow
U.S. District Senior Judge