IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONNIE ALLEN BELLAMY, JR.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ALEX MCCOLLOUGH, DUSTIN RANDOLPH, JOHN CANNON, and DYLAN DARTER,**<br><br>**Defendant.** | Case No. 20-3229-DDC-ADM |

## MEMORANDUM AND ORDER

Plaintiff Ronnie Allen Bellamy, Jr. brought an Eighth Amendment claim against defendants in their official and individual capacities, based on their alleged failure to protect him from a brutal attack at the El Dorado Correctional Facility in El Dorado, Kansas. In a Memorandum and Order dated March 1, 2022, the court dismissed plaintiff's official capacity claims because the Eleventh Amendment bars those claims. Doc. 62 at 16. And, the court granted summary judgment against plaintiff's individual capacity claims because defendants are entitled to qualified immunity. *Id.* Plaintiff now asks the court to reconsider its March 1 Order. *See* Doc. 64. For reasons explained below, the court denies plaintiff's request for reconsideration.[1]

Motions for reconsideration are appropriate only where there is: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d

---

[1] As he did before, plaintiff again appears pro se. The court thus construes his filing liberally and holds it "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't serve as a pro se plaintiff's advocate. *See id.*

1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Such a motion isn't an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020) (reiterating that parties can't use a reconsideration motion to "relitigate old matters" or "rehash[ ]" arguments previously raised (quotation cleaned up)).

Plaintiff provides no basis for the court to reconsider its March 1 Order. He doesn't identify any intervening change in the controlling law. Nor does he introduce new evidence previously unavailable. But, liberally construed, his motion generally asserts that there's a need to correct manifest injustice. And, implicit in his motion are three reasons for why that's so. None of those reasons justify reconsidering the court's March 1 Order. The court addresses each one, below.

*First*, citing his Complaint, plaintiff argues that the court didn't conduct "any actual fact finding" about "the truthfulness of [his] allegations[.]" Doc. 64-1 at 1. But it's not the court's role to engage in fact finding at the summary judgment stage. Instead, to overcome defendants' summary judgment motion, plaintiff had the burden to "set forth specific facts showing that there [wa]s a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation cleaned up). To do so, plaintiff had to go beyond the allegations in his pleadings, and by his "own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there [wa]s a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotation cleaned up). Plaintiff didn't shoulder this burden. As explained in the March 1 Order, plaintiff only provided unsupported allegations for his claims. Doc. 62 at 12. Allegations unsupported by any evidence don't create a genuine issue for

trial. *Id.* And, plaintiff doesn't provide new support for his allegations now. He merely highlights once again the allegations in his Complaint. But a motion for reconsideration isn't the place to "simply rehash[ ]" old arguments. *Castanon*, 976 F.3d at 1141.

*Second*, plaintiff resurrects an earlier argument that a *Martinez* report[2] would've produced the evidence he needed to survive summary judgment. But, as the court explained before, "*Martinez* reports 'facilitate th[e] screening process' of a complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)–(b)." Doc. 62 at 14 (quoting *Rachel v. Troutt*, 820 F.3d 390, 393 n.1 (10th Cir. 2016)). A *Martinez* report isn't relevant where, as here, the court previously screened the Complaint and determined that it asserted at least one plausible claim for relief. The court also recognized, however, that plaintiff's request for a *Martinez* report, liberally construed, implicated Fed. R. Civ. P. 56(d). As the court explained, that rule "allows a court to defer deciding a motion for summary judgment when 'a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]'" *Id.* (quoting Fed. R. Civ. P. 56(d)). Plaintiff didn't meet the specific requirements outlined by our Circuit for justifying relief under Rule 56(d). *See Adams v. C3 Pipeline Constr. Inc.*, ___ F.4th ___, 2021 WL 7543790, at *16 (10th Cir. Nov. 2, 2021) ("In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) must specify in the affidavit (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts

---

[2] "When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall*, 935 F.2d at 1109 (citing *Martinez v. Aaron*, 570 F.2d 317, 318–19 (10th Cir. 1978) (en banc) (per curiam)).

and rebut the motion for summary judgment." (quotation cleaned up)).[3]  And, in any event, the evidence plaintiff sought—video and audio evidence of his attack—wasn't relevant to the decisive issue in this case:  whether defendants subjectively knew about an allegedly planned attack against plaintiff and thus disregarded a substantial risk of serious harm to plaintiff.  *See* Doc. 62 at 14–15.

*Third*, plaintiff argues the court has denied his constitutional rights by repeatedly denying his request for counsel.  But he is mistaken.  "There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam); *McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 (10th Cir. Sept. 30, 2021).  And, after evaluating the factors for appointing counsel to a litigant proceeding in forma pauperis, Magistrate Judge Angel D. Mitchell denied plaintiff's earlier request for appointment of counsel. *See* Doc. 48 at 2–4.  Plaintiff offers no reason to reconsider that decision.

In sum, plaintiff hasn't identified any reason for the court to reconsider its March 1 Order.  Plaintiff hasn't demonstrated that the court's March 1 Order "misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.  Thus, the court won't reconsider its March 1 Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Reconsider (Doc. 64) is denied.

**IT IS SO ORDERED.**

---

[3]  In its March 1 Order, the court cited *Adams* at a different citation, 17 F.4th 40, 65 (10th Cir. 2021).  But, Westlaw since has republished *Adams* at 2021 WL 7543790 due to a publisher's error in the originally cited version.  The quote from *Adams* and the corresponding point of law that the court cited in its March 1 Order are unchanged.

Dated this 4th day of April, 2022, at Kansas City, Kansas.

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**